IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRICK TATUM, 01042391, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>      Respondent. ) | No. 3:13-CV-1427-B |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254.  Petitioner is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-ID).  Respondent William Stephens is the Director of TDCJ-CID.

In this case, Petitioner challenges the calculation of his time credits.  He states he was denied time credit from the date of his arrest until his conviction.  Petitioner challenged his time credit calculation by filing a motion for *nunc pro tunc* with the trial court.  On July 2, 2012, the trial court denied the motion.  On October 8, 2012, Petitioner filed a state habeas petition.  *Ex*

*parte Tatum*, No. 78,991-01.  On February 20, 2013, the Court of Criminal Appeals dismissed the petition.

On March 25, 2013, Petitioner filed the instant § 2254 petition.  On July 31, 2013, Respondent filed a motion to dismiss for failure to exhaust state remedies.  Petitioner did not file a reply.

**Discussion:**

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista,* 793 F.2d at 110.

Under Texas law, Petitioner must exhaust a pre-sentence time credit claim by first filing a motion for *nunc pro tunc* in the trial court.  *Ex parte Florence*, 319 S.W.3d 695, 695 (Tex. Crim. App. 2010).  If the trial court denies the motion, Petitioner must file a petition for writ of mandamus in the appellate court.  *Id*. at 696.  If the appellate court denies relief, the petitioner must file a petition for writ of mandamus in the Court of Criminal Appeals.  *Id*.  In this case, Petitioner failed to file a petition for writ of mandamus in either the appellate court or the Court of Criminal Appeals.  He has therefore failed to exhaust his state remedies.

**RECOMMENDATION**

The Court recommends that Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 15th day of October, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).